O’Neill, J.
Upon an examination of the record in this case, this court is of the opinion that the plaintiff has sustained the burden, by the required degree of proof, that the contract between the parties did not express their intention due to a mutual mistake of fact, and that plaintiff is entitled to have *557 the contract and the deed executed pursuant thereto reformed in order to contain the following language:
“Provide drive from May property to Lipkey Road about 1,500 feet long. Location of road to be furnished by engineer. Cross section to be similar to present access road onto route 18.”
The court reached this conclusion because it is clear from the record that the plans and specifications of the defendant, drafted by its own agents or employees and submitted to contractors who bid upon such plans and specifications, embraced the above-quoted language.
It is also clear from the record that this provision was a material and moving consideration for the execution of the contract of offer and acceptance, and for the execution of the deed from the plaintiff to the defendant; and that were it not for this provision the plaintiff would not have entered into the contract or deed.
The remaining question then is: Does the defendant have the authority, under the statutes and the Constitution of Ohio, to acquire by purchase or condemnation the land or easements necessary for the construction of an access road from the property of John May to Lipkey Road, 1,500 feet in length, across private property owned by others than the plaintiff or the defendant.
The defendant has the authority, under statute, to purchase land or easements for this purpose and expend turnpike funds therefor. Section 5537.(31, Revised Code, specifically provides as follows: i 6 # # #
“(C) ‘Cost,’ as applied to a turnpike project embraces the cost of construction, including * * * the cost of * * * access roads to private property, including the cost of land or easements therefor * *
It is plain that the Legislature authorized the defendant to use money for the cost of the acquisition of land or easements and the cost of construction to build access roads to private property.
The defendant contends that the acquisition by right of eminent domain of land or easements for the construction of an *558 access road to private property violates Section 19 of Article I of the Ohio Constitution, in that this is not a public use.
In 2 Nichols on Eminent Domain (1961 Supp.), 114, Section 7.51211, the following appears:
“Procuring an easement and creating a right-of-way for the benefit of parcels of land incidentally deprived of all or of some means of access to an existing way by reason of the construction of a turnpike, thruway, freeway or other limited access highway has been held to be for a public use.”
The case of Luke v. Massachusetts Turnpike Authority, 337 Mass., 304, 149 N. E. (2d), 225, decided April 8, 1958, dealt with the question which is presented to us in this case. The court in that case, at page 309, said:
“If the easement or the private way should be viewed in the abstract, no public purpose would appear. Such an approach, however, would be closing the eyes to reality. The laying out of the turnpike the length of the commonwealth and the acquisition of numerous sites essential to that project are attributes of one huge undertaking. Procuring an easement and creating a right-of-way for the benefit of parcels of land incidentally deprived of all or of some means of access to an existing way are but a byproduct of that undertaking.”
The remaining property of the plaintiff in this case, after the taking by the defendant for the turnpike, is landlocked. Prior to the taking of a portion of plaintiff’s land and the construction of the turnpike, he conducted a trailer park on this land where he rented trailers to the public, sold trailers and was in the process of constructing a small building to manufacture trailers. The access road which the plaintiff seeks, according to the record in this case, will be open to the public and used by the public as a means of ingress and egress to and from the business conducted on these premises.
The reasoning used by the Massachusetts court is applicable to this case. In the construction of a turnpike, which is for “the public welfare” and “the public use,” it is often necessary that certain parcels of land be left without access. Providing access to such parcels for use by the individuals owning the parcels and by the public which has a right to use such ingress and egress to and from the premises is not in violation of the Ohio Constitution.
*559 This court, in the case of State, ex rel. Bruestle, City Solr., v. Rich, Mayor, 159 Ohio St., 13, 110 N. E. (2d), 778, stated in the second paragraph of the syllabus:
“Under Section 19 of Article I of the Ohio Constitution property taken for ‘the public welfare’ is regarded as property ‘taken for public use.’ ” See Tracey v. Preston, Dir. of Highways, 172 Ohio St., 567.
The defendant has the authority, under the Ohio Constitution and the statutes, to acquire, by purchase or by the right of eminent domain, the land or the easements necessary to construct the access road which the defendant agreed to construct under the contract between the plaintiff and defendant as reformed by the order of the Court of Appeals.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and Herbert, JJ., concur.